This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41904**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LEONARDO PEREZ-CLEMENTE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Serena R. Wheaton, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Defendant Leonard Perez-Clemente appeals from the district court's restitution order under NMSA, 1978, Section 31-17-1 (2005), after Defendant pleaded guilty to one count of aggravated assault. The district court found that Defendant had breached an implied contract between Defendant and Victim and ordered that Defendant pay $10,000. This Court issued a calendar notice proposing to reverse because the district court's order exceeded its authority under Section 31-17-1(A). The State filed a

memorandum in opposition, which we have duly considered. Unpersuaded, we reverse the district court's restitution order.

**{2}** The State contends that the district court correctly applied the plain language of Section 31-17-1 when ordering Defendant pay restitution for the breach of an implied contract. [MIO 4-8] The State argues that our proposed reversal erred because "Defendant's criminal activity of aggravated assault was simultaneous to his breach of the parties['] monetary contract" [MIO 5-6], Defendant "confirmed that he had a monetary dispute with Victim which is why Victim came to his residence," and Defendant committed aggravated assault. [MIO 6] Therefore, the district court correctly analyzed Section 31-17-1(A)'s requirements for restitution. The State additionally argues that this Court's reliance on *State v. Herrera*, 2024-NMCA-025, 544 P.3d 260, is misplaced because *Herrera* is factually distinguishable. [MIO 8-10] Defendant here was "charged and convicted of only one crime" unlike the defendant in *Herrera*. [MIO 8] *See id.* ¶¶ 1, 7, 17 (reversing the district court's restitution order requiring the defendant pay for nine counts of fraudulent use of a credit card because the defendant was only convicted of one count).

**{3}** We proposed to reverse the district court because Defendant pleaded guilty only to aggravated assault, Defendant was not charged with any contract related financial crimes, and therefore the restitution order "was based on uncharged conduct and not limited by and directly related to Defendant's plea to aggravated assault." [CN 2] *See id.* ¶ 17 ("The term criminal activities in this statute refers to the crime for which there is a guilty verdict, and this Court has said that restitution must be limited by and directly related to those criminal activities." (text only) (citation omitted)). The State does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Despite the State's framing of Defendant's conviction, Section 31-17-1(A) limits restitution only to actual damages resulting from a defendant's criminal activities. "'Criminal activities' includes any crime for which there is a plea of guilty or a verdict of guilty." Section 31-17-1(A)(3). Defendant pleaded guilty only to aggravated assault and did not plead guilty to a crime involving a breach of contract, implied or otherwise. Although the State contends that Defendant breached the implied contract by committing aggravated assault [MIO 5-6], breach of contract is not an element of aggravated assault and Defendant's criminal conduct—as defined by Section 31-17-1— does not encompass the breach of an implied contract. *See* NMSA 1978, § 30-3-2 (1963) (listing the methods of committing aggravated assault); *see also* UJI 14-306 NMRA (listing the elements the state must establish beyond a reasonable doubt for a

conviction of aggravated assault under Section 30-3-2(A)). Finally, the State misunderstands this court's reliance on *Herrera*. Although the conduct in *Herrera* and the instant case are distinguishable, *Herrera* supports our analysis that Defendant cannot be ordered to pay restitution for an act not part of Defendant's criminal activities as defined by Section 31-17-1(A)(3). *See Herrera*, 2024-NMCA-025, ¶ 17.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we reverse the district court's restitution order.

**{6}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**